Mr. Justice Trotter
delivered the opinion of the court.- '
This is a contest.cbhcerning the right of administration of. the estate of one George W. Brown, deceased. -At the August term in the year 1840, of the probate court of Franklin county, Mary L. Brown, the widow, being under twenty-one years of age, by her next friend, petitioned the court to appoint Christopher Armat administrator of the estate. It appears that the widow is the only representative of the deceased, and oh the ground of her incapacity,-Theophilus Pitcher the appellant, resisted the appointment, of Armat, and claimed the 'administration for the reason that he was the largést creditor of the deceased, and offered proof of that fact, which was rejected by the court, and administration granted to Armat.- . . - -
*289 The 54th section of the Orphans’ Court law, Rev. Code, p. 43, directs administration of an intestate’s estate to be given first to the husband or wife, and next to such others as are entitled to distribution. And if no such person apply for administration within the time limited, the court may grant administration to any creditor or creditors, who apply for the same, or to any other person, as they may in their discretion think fit. There is no provision in this statute for the contingency of the widow being a minor. In.the case of executors, the act expressly provides that if the executor be incapacitated, or refuse to act, administration with the will annexed, shall be granted to the next of kin, and if the next of kin be under the age of twenty-one years, administration durante minoritate shall be granted by the court. The reason of this provision applies as well to infants entitled to administration of intestate’s estates, as to those entitled to administer with the will annexed. In one case the law fixes the right to administer, in the other, the testator conveys the right by the directions of his will, and it would seem that in either case, if the person entitled be a minor, his right is only suspended during his minority. Accordingly it has been held in England that if an infant be entitled to administration, the same shall be granted to another during his minority. Comyn. Dig. vol. i. p. 480. It was so decided likewise in Tennessee, in the case of Richie v. Mc. Austin, 1 Haywood, 220. And administration during minority need not it seems be granted to the next of kin. Comyn. Dig. p. 497. The case of Collins v. Spears, Walker’s Rep. 310, establishes the same doctrine. Hence, it appears that in the contingency presented in this case, the court has full power to appoint an administrator during the minority of the widow, and that they are only controlled in the exercise of the power by a sound discretion.
The judgment of the court below must be affirmed.